UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT GALINDO GONZALEZ,<br><br>                   Plaintiff,<br><br>v.<br><br>DR. SEDIGHI, et al.,<br><br>                   Defendants. | Case No.:  21-cv-0792-AGS-DDL<br><br>**ORDER RE-SETTING MANDATORY SETTLEMENT CONFERENCE** |

      The Court vacates the Mandatory Settlement Conference ("MSC") and associated procedures for the August 3, 2023 MSC with Judge David D. Leshner. Dkt. Nos. 19, 34. The MSC is reset to **September 27, 2023** at **1:30 p.m.** before **Magistrate Judge Daniel E. Butcher**.

      The purpose of the MSC is to permit an informal discussion between the attorneys, parties, and the Magistrate Judge of every aspect of the lawsuit in an effort to achieve a resolution of the case. Counsel[1] attending the MSC are expected to have a command of the facts and applicable law.  Counsel and the parties must be prepared to engage in a detailed discussion of the merits of their respective cases and engage in good faith settlement

---

[1] Counsel as used herein shall include any party representing him or herself.

discussions.  ***All discussions during the MSC are informal, off the record, privileged and confidential.***  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

    1.    Pursuant to Local Rule 16.3.b., all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[2] This appearance must be made with full and unlimited authority to negotiate and enter into a binding settlement.[3] In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

    Counsel for a government entity may be excused from this requirement if the government attorney who participates in the MSC (1) has primary responsibility for handling the case; and (2) is prepared to negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

---

[2] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3] Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486.  Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

2. The Court will conduct the MSC via Zoom.[4] The Court will email counsel an invitation with the Zoom meeting hyperlink and password the week prior to the hearing.[5] Counsel for Defendants must contact the correctional facility to make any further arrangements necessary to ensure Plaintiff's appearance by video conference. If Plaintiff is without access to attend the MSC via Zoom video conferencing, then the Defendants shall notify the Court at least fourteen (14) days before the Conference regarding any Zoom limitation for the inmate, and request that Plaintiff appear telephonically.

3. Each participant should join the Zoom video conference *at least five minutes before* the start of the MSC. Zoom's functionalities allow the Court to proceed as if the MSC were in person. The Court will divide participants into separate Zoom breakout rooms[6] where the Court can confidentially and individually communicate with participants. Breakout rooms also allow parties and counsel to communicate confidentially outside the presence of the Court.

Counsel are responsible for ensuring their clients are able to participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (e.g., not be driving while speaking to the Court,

---

[4] Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app. Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC. There is a cost-free option for creating a Zoom account. For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

[5] Participants who do not have Zoom already installed on their device when they click on the Zoom meeting hyperlink will be prompted to download and install Zoom before proceeding.

[6] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

or otherwise distracted). Participants are encouraged to use laptops or desktop computers for the video conference because mobile devices often offer inferior performance. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

4. No later than **September 20, 2023**, counsel for each party must send an e-mail to the Court at <u>efile_butcher@casd.uscourts.gov</u> containing the following:[7]

    a. The ***name and title(s)/position(s) of each participant***, including counsel, all parties and party representatives, and claims adjusters;

    b. An ***e-mail address for each attorney participant*** to receive the Zoom video conference invitation;

    c. A ***telephone number where each attorney participant*** may be reached so that, if technical difficulties arise, the Court can proceed telephonically; and

    d. A ***Confidential MSC Conference Statement/Brief***.[8] The Confidential Settlement Statement/Brief must comply with the requirements set forth in Section IV of Magistrate Judge Butcher's Civil Chambers Rules. In addition, all confidential MSC Statements must include:

        i. Any restitution amount owed by Plaintiff;

---

[7] If Plaintiff is incarcerated in a penal institution or other facility, Plaintiff may mail the settlement brief to Magistrate Judge Daniel E. Butcher, James M. Carter & Judith N. Keep U.S. Courthouse, 333 West Broadway, Ste. 420, San Diego, CA 92101. **Plaintiff should mail the brief fourteen (14) days before the scheduled MSC, and label the envelope and brief as "Confidential Settlement Materials, Not For Filing on CM/ECF."** <u>**As scheduled, Plaintiff must mail his brief to the Court by September 13, 2023**</u>.

[8] The Court does not require MSC Statements to be served on other parties; however, the parties may elect to share statements at their discretion. ***These statements are not to be filed on the CM/ECF system.***

    ii.    Plaintiff's prisoner civil rights litigation history and the results of any prior litigation.

    iii.    The parties' position on liability and damages supported by relevant facts, a discussion of the significant facts established during discovery, and legal analysis with citations to controlling legal authority. The parties are also encouraged to attach a chronology setting forth a timeline of the events at issue. If submitted, the chronology should be in a chart or column format with the column headings "DATE" and "EVENT." The chronology is not counted against the page limit;

    iv.    A brief description of any previous settlement negotiations or mediations; and

    v.    **For plaintiff(s)**, a specific and current settlement demand addressing all relief sought and an itemization of the damages sought, and, **for defendant(s)**, a specific and current offer and the bases for that offer. (Note: a general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make a demand or offer at the conference" is not a specific demand or offer. If a specific offer or demand cannot be made at the MSC, state the reasons why and explain what additional information is required to make a settlement demand or offer.);

    vi.    The names of attorney(s) and non-attorney(s) who will attend the conference, including the name(s) and title(s)/position(s) of the party/party representative(s).

**IT IS SO ORDERED.**

Dated: July 14, 2023

_____
Honorable Daniel E. Butcher
United States Magistrate Judge